UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL ROBSON,<br><br>      PETITIONER,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>      RESPONDENT. | 14-cr-272 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On November 22, 2022, the Court received an unopposed petition for a writ of error *coram nobis* from defendant Paul Robson, Dkt. No. 297. In his petition, Robson asks that the Court vacate his guilty plea to Count One of the Indictment, Dkt. No. 5, and his conviction and sentence on the same.

For the following reasons, the Court grants the defendant's petition and vacates his guilty plea, conviction, and sentence. Robson has shown that there are "circumstances compelling [granting the writ] to achieve justice," "sound reasons" to grant his petition despite his failure to earlier seek this relief, and "legal consequences" attaching to his conviction that could be remedied by this Court. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

*First*, "[u]nder first principles of justice, it would be unjust to maintain [Robson's] conviction." *Parietti v. United States*, 2022 WL 3139623 at *2 (S.D.N.Y. Aug. 5, 2022). Although Robson's efforts to profit the position of his employer, Rabobank, as the bank's primary Yen LIBOR submitter to the British Bankers Association ("BBA") may

1

have violated "any reasonable notion of fairness," the Government did not offer evidence to show that "[his] LIBOR submissions did not comply with the BBA['s] LIBOR instruction and were false or misleading," as it was required to under the federal fraud statutes. *United States v. Connolly*, 24 F.4th 821, 843 (2d Cir. 2022). Thus, after *Connolly*, the proof underlying Robson's guilty plea is insufficient to establish that he committed wire or bank fraud. *See id.* at 842-44. Justice therefore demands that "[Robson] . . . be viewed as innocent." *Parietti*, 2022 WL 3139623 at *2. *Second*, there are "sounds reasons" to grant Robson's request for relief despite his failure to earlier petition for it. That is because, here, the Government waives any procedural bars to relief, including timeliness. And *third*, Robson has demonstrated that this relief would remedy the adverse consequences he continues to suffer as a result of his conviction. In short, Robson's conviction has imposed restrictions on his ability to travel and made it more difficult for him to advance in his new field of primary school management. Def's Br. at 11-14. These adverse consequences would be erased by vacatur of his conviction.

In light of the above, the Court vacates the defendant's guilty plea and judgment of conviction effective immediately. The Clerk is respectfully directed to close the motion at Dkt. No. 297.

SO ORDERED.

New York, NY
5/22, 2023

_____
JED S. RAKOFF, U.S.D.J.